Argued July 6, affirmed September 8, 1972

DUSSIN INVESTMENT COMPANY, *Respondent,*
*v.* ARNOLD ET UX, *Appellants.*

500 P2d 712

*Thomas Cavanaugh,* Portland, argued the cause for

appellants. With him on the brief were Schouboe & Cavanaugh, P. C., Portland.

*Thomas K. Thorpe,* Portland, argued the cause for respondent. With him on the brief were Maletis and Thorpe, P. C., Portland.

DENECKE, J.

The plaintiff filed this suit to secure an interpretation of a land sale contract by which plaintiff's predecessor purchased a motel from the defendant Arnolds.

Parking space was inadequate at the Arnold's motel. The Archdiocese owned adjoining property. In 1959 the Arnolds and the Archdiocese agreed informally that the Arnolds would build and use a parking lot on the Archdiocese property and pay the yearly property taxes on the lot. Building the parking lot cost about $25,000; taxes were $900 per year or less.

In 1965 the Arnolds were in financial straits and hurriedly made a sale of the motel to Mrs. Bush. The sale was on a contract which provided for a down payment and monthly payments of $1,000 per month, including interest at 6 per cent, on a balance of $95,000. Because Mrs. Bush learned the Arnolds had no lease with the Archdiocese, she obtained a contractual provision that in the event the use of the property for parking "should be withdrawn," the balance remaining on the purchase price would be reduced $30,000.

In December 1966 the Archdiocese informed Mrs. Bush that she would have to pay $450 per month rent for parking privileges, while the Archdiocese would pay the taxes, which in 1967 were $1,400 per year. Four hundred fifty dollars is the equivalent of

20 to 25 per cent of the gross monthly rentals from the motel. Mrs. Bush protested but paid the rental until July 1967. She informed the Arnolds of the demand for $450 rental and contended it amounted to a constructive eviction. In October 1967 the Archdiocese made demand for the rent which was two months delinquent and simultaneously terminated the use of the property.

Mrs. Bush assigned the contract to her daughter, who, in turn, sold to the plaintiff in January 1970. The agreement of sale recited that the balance owing the Arnolds was reduced $30,000.

Plaintiff brought this suit to obtain a judicial declaration that it was entitled to reduce the amount owing the Arnolds by $30,000 because the use of the Archdiocese property for parking had been withdrawn.

The trial court concluded the use had been "withdrawn" and the balance owing the Arnolds was reduced $30,000. We concur in the trial court's conclusion.

The cost of the use of the property must be considered in determining if the use of the property had been withdrawn. The parties contemplated that the continuance of Arnold's parking arrangement during the life of the sales contract, in consideration of the payment of the taxes, had a value of $30,000. Obviously, the cost of using the property figured in fixing the value at $30,000. The parties must have intended that if the basis of the cost of use was changed and the cost raised substantially, making it economically unfeasible to use the property, the use must be considered withdrawn.

Affirmed.